UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTINE SCOTT,

                         Plaintiff,

  -against-

GRACE CUISINE, INC.,
LOIS JEANETTE POLE,
MARK BEBBINGTON, and
ALVIN "DOE",

                    Defendants.
-------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands
Trial by Jury

Plaintiff by her attorneys, DeTOFFOL & GITTLEMAN, Attorneys at Law, upon information and belief, complains of the Defendants herein, alleging at all relevant and materials times and upon information and belief, as follows:

### Nature of The Case

Plaintiffs complain against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended ("Title VII"), and pursuant to Gibb, 38 U.S. 715 (1966), the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), and the New York City Human Rights Law under NYC Administrative Code § 8-107(4) et. seq. ("NYCHRL"), and seek damages to redress the injuries Plaintiff has suffered as a result of sex discrimination, hostile work environment, retaliation, and wrongful termination.

### Jurisdiction & Venue

1.    Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Title VII of the Civil Rights Act. The Court, pursuant to *Gibb*, 38 U.S.

715 (1966), also has supplemental jurisdiction over the Counts based on laws of the State of New York.

2.      Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York, and Plaintiff was employed by Defendants within the Southern District of the State of New York.

3.      Plaintiff received a Right to Sue Letter dated September 1, 2021, and this Complaint has been filed within 90 days of receipt of the aforementioned permission letter [*Right to Sue Letter Annexed hereto*].

4.      Plaintiff Christine Scott ("Ms. Scott", "Employee", "Plaintiff") is a female individual who resides in the County of Bronx, City and State of New York.

5.      Defendant Grace Cuisine, Inc. ("Grace Cuisine" and/or "Employer") is a domestic business corporation duly formed, organized, and existing under the laws of the State of New York, and doing business in and around the City of New York.

6.      At all times relevant herein, Defendant Grace Cuisine was and now is an employer within the meaning of Title VII because it engages in an industry affecting commerce and has employed more than the requisite number of employees under Title VII.

7.      Grace Cuisine is in the food service industry in the business of providing long term full service meal preparation on site at its clients' facilities.

8.      Plaintiff was employed by and is a paid employee of the Defendant Grace Cuisine, having the job title Kitchen Assistant.

9.      Defendant Mark Bebbington ("Owner") is an individual, male with supervisory authority and hiring and firing capacity over Plaintiff, and at all relevant times was an owner, officer, employee, and agent of Defendant Grace Cuisine.

10.     Defendant Lois Jeanette Pole (hereinafter "Supervisor Pole") is an adult female individual, employed with the title Manager by Defendant Grace Cuisine, with supervisory authority, performance authority, and hiring and firing capacity over Ms. Scott.

11.     Defendant Alvin "Doe" (hereinafter "Direct-Supervisor Alvin") is an adult male individual, employed with the title Managing Chef by Defendant Grace Cuisine, with supervisory authority, performance authority, and hiring and firing capacity over Ms. Scott.

12.     On or about 2017 Plaintiff Ms. Scott began her employment with the Defendant Grace Cuisine, assigned by Grace Cuisine to its client facility located at 441 East Fordham Road, Bronx, N.Y. 10458 ("Workplace").

### Sexual Harassment & Retaliation

13.     On or about May 2021, Supervisor Pole hired Direct-Supervisor Alvin as the Managing Chef at the Workplace for Defendant Grace Cuisines.

14.     Ms. Scott was subjected to, and made victim of, sexual harassment, sexist comments, and a hostile work environment.

15.     From the outset of his employment, Direct-Supervisor Alvin subjected Ms. Scott to a grossly discriminatory environment that included consistent and continuous unwelcome vicious sexual harassment.

16.     At first, the sexual harassment perpetrated by Direct-Supervisor Alvin was verbal in nature but within days of Direct-Supervisor's hiring, he consistently sexualized all interactions between himself and Ms. Scott.

17.     Particularly, Direct-Supervisor Alvin verbally characterized Ms. Scott's completion of routine tasks like moving dishware or washing counters action as "sexy," making comments such as "that's sexy" or "keeping it sexy" on a daily, sustained, and continuous basis.

18.     Ms. Scott informed Direct-Supervisor Alvin of her objection to his repetitive sexual comments, but he did not relent.

19.     These remarks and comments were severe, offensive, unwelcome, and consistent with a pattern of derogatory treatment and behavior towards Ms. Scott.

20.     On numerous occasions, Direct-Supervisor Alvin purposely bumped into and rubbed against Ms. Scott so that he came in physical contact with Ms. Scott's breast and buttocks.

21.     Direct-Supervisor Alvin instigated opportunities to physically grab and hold onto Ms. Scott, without Ms. Scott's consent and over her objections.

22.     On one of these numerous grabbing occasions, for example, Ms. Scott was cornered in a confined space assisting Direct-Supervisor Alvin in resetting a kitchen air-conditioning unit in the Workplace when during the process, Ms. Scott handed Direct-Supervisor several screws that had fallen to the floor, wherein mid-hand-off, Mr. Alvin forcibly grabbed, caressed, and refused to let go of Ms. Scott's arm until she forcibly pulled away.

23.     In addition to the physical and verbal harassment, Direct-Supervisor Alvin purposely created opportunities to be alone with Ms. Scott, and once isolated, he offered Ms. Scott money in exchange for sexual relations.

4

24.     Particularly, Ms. Scott's Workplace shifts extended beyond meal times and, in contrast, Direct-Supervisor Alvin's shifts did not. Thus, despite having no remaining duties, Direct-Supervisor Alvin often remained in the Workplace, waiting until Ms. Scott was the sole remaining employee.

25.     Thereafter, on two occasions, having Ms. Scott isolated in the Workplace, Direct-Supervisor Alvin offered Ms. Scott money in exchange for sexual relations, but she objected to his offer.

26.     Direct-Supervisor Alvin's quid pro quo sexual harassment further contributed to the hostile work environment within the Workplace.

27.     On another occasion, during an encounter in which Direct-Supervisor Alvin waited at the Workplace after his shift ended, he again forcibly grabbed, caressed, and refused to let go of Ms. Scott's hand, despite Ms. Scott's objections.

28.     On or about June 26, 2021, Ms. Scott informed Defendant Owner of intentional sexual harassment perpetrated by the Direct-Supervisor.

29.     Ms. Scott, by cellular text message, further informed Defendant Owner that she would be forced to take legal action if the sexual harassment continued.

30.     In response to Ms. Scott's complaint of sexual harassment, Defendant Owner informed her that Supervisor pole would "deal with these problems."

31.     Defendants were aware that the sexual harassment was ongoing, that it had become routine and was carried out by Direct-Supervisor Alvin.

32.     Following Ms. Scott's report of sexual harassment, the harassment continued: Direct-Supervisor directed Ms. Scott to walk with him to a secluded storage area to inspect new food

items supposedly, and upon reaching the destination there he placed his hand on Ms. Scott's lower back and buttocks.

33.     Ms. Scott immediately objected to the unwanted physical touch, but Direct-Supervisor Alvin persisted.

34.     Thereafter, she rushed away from Direct-Supervisor Alvin and began completing other tasks within the Workplace kitchen but Direct-Supervisor Alvin, visibly upset with Ms. Scott, followed her upstairs, chiding aloud "what's it going to take for me to have you."  He then continued to sit on the nearest table, posed sexually, and furthermore accused the Plaintiff of having had sexual relations with other staff members.

35.     Repulsed by his conduct earlier that day, Ms. Scott temporarily left the Workplace during the time period that the Direct-Supervisor typically isolated and physically advanced upon her.

36.     Only July 2, 2021, less than one week after Ms. Scott's complaint of sexual harassment, Supervisor Pole arranged a meeting with Ms. Scott to discuss her complaints of sexual harassment.

37.     For the duration of the July 2, 2021 meeting, Plaintiff was aware that Supervisor Pole permitted Direct-Supervisor Alvin to impose by allowing him stay within earshot of the meeting.

38.     Despite Plaintiff's report of Direct-Supervisor Alvin's inappropriate Workplace conduct, Supervisor Pole, within said July 2, 2021 meeting, informed Ms. Scott that Defendants were ending her employment, effective immediately.

39.     Defendants unlawfully terminated Ms. Scott in retaliation for reporting that she had been sexually harassed.

40.     Rather than a meaningful interaction or ameliorating relief by Defendants, Ms. Scott's complaint of sexual harassment was met with Defendants' perpetuation of a hostile work environment rife with intimidation and a retaliatory termination.

41.     Before Defendants aforementioned inappropriate and unlawful acts, our Plaintiff had immensely enjoyed and found satisfaction from her work, finding through it purpose from the Defendants' religion-based clients.

42.     Plaintiff was surprised, shocked and extremely upset by the Defendants' recent inappropriate change to the Workplace environment, leading up to and including the handling of her wrongful firing.

43.     Upon her aforementioned termination on site, Plaintiff became physically shaken and ran seeking solace and refuge in a nearby chapel on the Workplace grounds, from where, Supervisor Pole extracted her and hurriedly escorted her off the premises.

44.     Plaintiff has suffered emotional distress and anxiety caused the effect of the aforementioned recent inappropriate, disturbing gender-based sexual discrimination behavior, hostile work environment, and retaliation.

45.     Plaintiff has suffered and continues to suffer economic and emotional distress, depression humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## COUNT 1
## UNDER FEDERAL TITLE VII
### Sex Discrimination
### (Against Defendant Grace Cuisine)

46.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

47.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of Defendants.

48.     Plaintiff complains of Defendants violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, gender, and race.

49.     SEC. 2000e-2. [Section 703] states as follows:

(a) Employer practices
It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

50.     Defendant violated the section cited herein as set forth and engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by creating and maintaining a hostile discriminating work environment against Plaintiff because of her sex and gender.

**COUNT 2**
**UNDER FEDERAL TITLE VII**
**Retaliation**
**(Against Defendant Grace Cuisine)**

51.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it
shall be unlawful employment practice for an employer:
(1) to . . . discriminate against any of his employees . . . because he has opposed any practice
made an unlawful employment practice by this subchapter, or because he has made a charge,
testified, assisted or participated in any manner in an investigation, proceeding, or hearing under
this subchapter.

52.     Defendants violated the section cited herein as set forth and retaliated against Plaintiff

because she opposed Defendants' unlawful employment practices.

**COUNT 3**
**UNDER N.Y.S. EXECUTIVE LAW**
**Sex Discrimination**
**(Against Defendants Grace Cuisine and Alvin "Doe")**

53.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

54.     Executive Law § 296 provides that :

1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency,
because of an individual's age, race, creed, color, national origin, sexual orientation, military
status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence
victim status, to refuse to hire or employ or to bar or to discharge from employment such
individual or to discriminate against such individual in compensation or in terms, conditions or
privileges of employment.

55.     Defendants violated the section cited herein as set forth and engaged in an unlawful

discriminatory practice by creating and maintaining a hostile discriminating work environment

by against Plaintiff because of her sex and gender.

**COUNT 4**
**UNDER N.Y.S. EXECUTIVE LAW**
**Retaliation**
**(Against Defendants Grace Cuisine, Lois Jeanette Pole, and Mark Bebbington)**

56.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

57.     New York State Executive Law §296(7) provides that it shall be an unlawful:

For any person engaged in any activity to which this section applies to retaliate or discriminate
against any person because [s]he has opposed any practices forbidden under this article.

58.     Defendants violated the section cited herein as set forth and engaged in an unlawful

discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because

of Plaintiff's opposition to the unlawful employment practices of Defendants.


**COUNT 5**
**UNDER N.Y.S. EXECUTIVE LAW**
**NYS Aiding & Abetting**
**(Against All Defendants)**

59.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

60.     New York State Executive Law §296(6) provides that it shall be an unlawful

discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this
article, or attempt to do so."

61.     Defendants violated the section cited herein as set forth and engaged in an unlawful

discriminatory practice in violation of New York State Executive Law §296(6) by aiding,

abetting, inciting, compelling and coercing the discriminatory conduct.

**COUNT 6**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**Sex Discrimination**
**(Against All Defendants)**

62.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

64.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining a hostile discriminating work environment by against Plaintiff because of her sex and gender.

**COUNT 7**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**NYC Retaliation**
**(Against All Defendants)**

65.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66.     The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice:

"For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

67.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of

Plaintiff's opposition to the unlawful employment practices of Defendants.

### COUNT 8
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### Aiding & Abetting
### (Against All Defendants)

68.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.


New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

69.     Defendants violated the section cited herein as set forth and engaged in an unlawful

discriminatory practice in violation of New York City Administrative Code Title 8-107(19) by

aiding, abetting, inciting, compelling and coercing the discriminatory conduct.


### COUNT 9
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### Vicarious Liability
### (Against Defendant Grace Cuisine)

70.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length:


New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by its employees, agents or independent contractors.

(a)     An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b)     An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1)     the employee or agent exercised managerial or supervisory responsibility; or

(2)     the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3)     the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

71.     Defendant violated the section cited herein as set forth.


## Relief

WHEREFORE, Plaintiff respectfully demands against Defendants on each and every respective Count:

(a)     An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b)     An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for humiliation, pain and suffering and emotional distress sustained;

(c)     An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d)     An award of punitive damages in an amount to be determined at trial; and

(e)     Such other and further relief as this Court deems necessary and proper.


## Jury Demand

Plaintiff requests a jury trial on all issues to be tried.

David DeToffol, Esq.
DeTOFFOL & GITTLEMAN, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York  10038
Tel. (212) 962-2220
Attorneys for Plaintiff