```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHRISTINE SCOTT,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :   21-CV-7711 (VSB)
              -against-                                     :
                                                            :        ORDER
YSB SERVICES INC., et al.,                                  :
                                                            :
                              Defendants.                   :
                                                            :
                                                            :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

This is an employment discrimination action filed on September 15, 2021. Before me is a request from Defendant YSB Services Inc.—filed by Defendant Louise Jeanette Pope—for an extension of Defendant YSB Services Inc.'s deadline to respond to the complaint. (*See* Docs. 24–26.) For the foregoing reasons, 1) Defendant YSB Services Inc.'s request for an extension of time to respond is DENIED without prejudice; 2) Plaintiff is ORDERED to file an affidavit of service for the second amended complaint, (Doc. 23), on or before January 13, 2022; 3) defense counsel for Defendant YSB Services, Inc. is ORDERED to file a notice of appearance on or before January 18, 2022; and 4) Plaintiff's claims against Louise Jeanette Pope and Alvin Samuels are DISMISSED without prejudice.

I.     **Procedural History**

Plaintiff filed this action against Defendants Grace Cuisine, Inc., Lois Jeanette Pole (sic), Mark Bebbington, and Alvin "Doe" on September 15, 2021. (Doc. 1.) Plaintiff obtained summonses for all defendants except Alvin "Doe" on September 23, 2021. (Docs. 12–14.). Plaintiff filed a first amended complaint adding Defendant YSB Services Inc. on October 18,

2021, (Doc. 15), and obtained a summons for YSB Services Inc. on October 19, 2021, (Doc. 17).

On December 15, 2021—when service was already overdue—I issued an order directing Plaintiff to submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause for failing to effectuate service. (Doc. 18.) I warned Plaintiff that failure to comply with the order would result in dismissal of this case. (*Id.*) On December 17, 2021, Plaintiff filed an affidavit of service for Defendant YSB Services Inc., stating service had been made on October 27, 2021. (Doc. 19.) On December 22, 2021, Plaintiff filed an affidavit of service for Defendant Lois Jeanette Pole (sic), stating service had been made on December 18, 2021. (Doc. 20.) Plaintiff also filed a letter motion requesting that the Court "deem the e-filed affidavits of service sufficient to cure any alleged defect," and explaining that Grace Cuisine, Inc. and YSB Services are the same entity and had been timely served, even though the affidavit of service was not timely filed. (Doc. 21, at 1–2.) Plaintiff also explained that Defendant Lois Jeanette Pole (sic) is really named Louise Jeanette Pope, and that Defendant Pope told Plaintiff that Defendants were obtaining counsel, who would enter a notice of appearance after a meeting scheduled for December 30, 2021. (*Id.* at 3.) Plaintiff explained that Plaintiff "was unable to locate Ms. Pope's address until recently," and partially redacted Defendant Pope's address at Defendant Pope's request. (*Id.*) Plaintiff expressed an intention to "remove Mark Bebbington from the caption." (*Id.*) Plaintiff did not provide any explanation for the failure to serve Defendant Alvin "Doe." (*See generally id.*)

On December 27, 2021, accepting Plaintiff's representations as to YSB Services Inc. and Grace Cuisine, Inc., I issued an order deeming timely the service of Defendant YSB Services Inc. d/b/a Grace Cuisine, Inc. (Doc. 22.) I also granted Plaintiff leave to file a second amended complaint correcting Defendant Pope's name and removing any Defendants who Plaintiff did not intend to sue. (*Id.*) On January 6, 2022, Plaintiff filed a second amended complaint against

Defendants YSB Services Inc., Alvin Samuels, and Louise Jeanette Pope.  (Doc. 23.)

On January 7, 2022, Defendant Pope filed an answer (labeled as a motion to dismiss) on behalf of Defendant YSB Services, Inc.  (Doc. 24.)  On January 10, 2022, Defendant Pope filed two explanatory letters, (Docs. 25 & 26), and another document labeled as a response to the amended complaint, (Doc. 27).  Defendant Pope represented that she is "HR manager" for Defendant YSB Services, Inc. and that she is not an attorney.  (Doc. 25.)  As a result, Defendant YSB Services, Inc. has effectively submitted these filings pro se.  Defendant Pope represented that she had "been in direct communication" with Plaintiff's counsel "for several months," but Defendant Pope did not initially understand that Plaintiff's counsel "was an attorney or that there was any kind of lawsuit."  (Docs. 25 & 26.)  Defendant Pope said that once she understood Defendants were under deadline to respond to Plaintiff's complaint, she tried to hire an attorney for Defendant YSB Services, Inc. as quickly as she could, but was not able to finalize the retainer agreement in time.  (*See id.*)  Defendant Pope said she understood that the answer she filed, (*see generally* Doc. 24), "is not acceptable" but "was an attempt on [her] part to address the situation," and that she "did the best [she] could to address this," (Doc. 26).  Defendant Pope requested an extension of "a day or two" for an attorney to file an answer on behalf of Defendant YSB Services, Inc.  (*Id.*)

On January 11, 2022, Plaintiff's counsel filed a letter "to address *some* of the inaccuracies described by *pro se* Defendant Louise Jeanette Pope."  (Doc. 28, at 1.)  Plaintiff's counsel represented that Defendant Pope had in fact contacted him, and that Plaintiff's counsel "was very clear to Ms. Pope that [he] was an attorney who represented Ms. Scott in Ms. Scott's future lawsuit against her, YSB Services, and the other named Defendants."  (*Id.*)  Plaintiff's counsel also represented that he had informed Defendant Pope that he could not talk to Defendant Pope "if she was in the process of, intended to, or had retained an attorney in this matter."  (*Id.*)

Plaintiff's counsel said that Defendant Pope had informed him at various points that "Defendants (1) are in the process of retaining an attorney; (2) are consulting with an attorney who is not retained; or (3) do not intend to hire an attorney." (*Id.*) Plaintiff's counsel said he understood that Defendant Pope "was no longer a practicing attorney but had been one in a prior career." (*Id.*) Plaintiff's counsel said, "Ms. Pope's letter is the first time I have heard that there are issues in retaining an attorney." (*Id.* at 2.) Plaintiff's counsel also argued "given present case status, there is no need for an extension because the Second Amended Complaint is still out for service." (*Id.*)

## II.     Discussion

### A.     *Defendant YSB Services, Inc.'s Time to Answer*

Corporations may not proceed in federal court without licensed counsel. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Accordingly, licensed counsel for Defendant YSB Services, Inc. is ORDERED to file a notice of appearance on or before January 18, 2022. If YSB Services, Inc. does not timely obtain counsel, Plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(a). *See, e.g.*, *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) ("A corporation may not appear pro se, but must retain counsel to avoid default.")

Plaintiff filed a second amended complaint on January 6, 2022. (Doc. 23.) The deadline to respond to the second amended complaint will be 14 days after service. Fed. R. Civ. P. 15(a)(3). Therefore, Defendant YSB Services Inc.'s request for an extension of time to respond is DENIED as moot, without prejudice to renewal if an extension proves necessary. Further, Plaintiff is ORDERED to file an affidavit of service for the second amended complaint on or before January 13, 2022, so that Defendant YSB Services, Inc.'s time to answer may be

calculated pursuant to Fed. R. Civ. P. 15(a)(3).

### B.   *Dismissal of Claims Against Defendants Pope and Samuels*

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted).

Plaintiff filed this action on September 15, 2021. (Doc. 1.) Under the Federal Rules of Civil Procedure, Plaintiff was required to serve all Defendants within 90 days, *see* Fed. R. Civ. P. 4(m), which in this case was December 14, 2021. After my order directing Plaintiff to show good cause for the failure to effectuate service, (Doc. 18), Plaintiff filed an affidavit stating that Pope had been served on December 18, 2021, (Doc. 20). Therefore, Plaintiff did not serve Pope within 90 days, and has failed to demonstrate good cause that would prompt me to extend the time for service. *See* Fed. R. Civ. P. 4(m). Furthermore, Plaintiff has filed no affidavit of service for Samuels and provided no explanation of "plaintiff's failure to serve process in a timely manner," much less "exceptional circumstances" surrounding plaintiff's failure to do so. *E. Refractories Co.*, 187 F.R.D. at 505. Therefore, Plaintiff's claims against Defendant Pope and Defendant Samuels are hereby DISMISSED, without prejudice.

### III.   <u>Conclusion</u>

Accordingly, it is hereby:

ORDERED that defense counsel for Defendant YSB Services, Inc. file a notice of

appearance on or before January 18, 2022.

ORDERED that Defendant YSB Services Inc.'s request for an extension of time to respond is DENIED, without prejudice to renewal if an extension proves necessary.

FURTHER ORDERED that Plaintiff file an affidavit of service for the second amended complaint on or before January 13, 2022.

FURTHER ORDERED that, in accordance with Rule 4(m), Plaintiff's claims against Defendants Louise Jeanette Pope and Alvin Samuels are DISMISSED without prejudice.

The Clerk of Court is respectfully directed to terminate the gavel pending at Doc. 24 and mail a copy of this order to Defendant YSB Services, Inc. at 1214 W. Boston Post Rd., Mamaroneck, New York, 10543.

SO ORDERED.

Dated:   January 11, 2022
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge