UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE SCOTT,

Plaintiff,

- against -

YSB SERVICES INC.,

Defendant.

21-CV-7711 (VSB)

**OPINION & ORDER**

Appearances:

Joshua Gittleman
David Joseph DeToffol
DeToffol & Gittleman, Attorneys at Law
New York, NY
*Counsel for Plaintiff*

Rudy Artin Dermesropian
Rudy A. Demesropian, LLC
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion dismiss the Second Amended Complaint of Defendant YSB Service Inc. ("YSB"). (Doc. 39.) Because I find that the Second Amended Complaint adequately pleads claims of retaliation and hostile work environment, Defendant's motion to dismiss these claims under Title VII of the Civil Rights Act of 1964, ("Title VII"), the New York State Human Rights Law, ("NYSHRL"), and the New York City Human Rights Law, ("NYCHRL"), is DENIED. However, because only one defendant remains in this action and NYCHRL vicarious employer liability is not a substantive cause of action, and because YSB

cannot be liable for aiding and abetting its own conduct, Defendant's motion to dismiss the aiding and abetting and vicarious liability claims is GRANTED.

## I. Factual Background[1]

Since 2017, Plaintiff Christine Scott, a female kitchen assistant, has been a paid employee of Defendant YSB. (SAC ¶¶ 4, 9, 13.) "YSB is in the food service industry in the business of providing long term full service meal preparation on site at its clients' facilities." (*Id.* ¶ 8.) YSB conducted business under the name Grace Cuisine. (*Id.* ¶ 6.)

Louise Jeanette Pope is employed by YSB and has the title of Manager. (*Id.* ¶ 11.) "On or about 2017 Plaintiff Ms. Scott began her employment with the Defendant YSB" at its facility located at 441 East Fordham Road, Bronx, New York ("Workplace"). (*Id.* ¶ 13.) On or about May 2021, Pope hired Alvin Samuels ("Samuels") as the Managing Chef at the Workplace. (*Id.* ¶ 14.) Samuels had "supervisory authority, performance authority, and hiring and firing capacity over [Plaintiff]." (*Id.* ¶ 12.)

From the beginning of his employment at YSB, Samuels subjected Plaintiff to "sexual harassment, sexist comments, and a hostile work environment." (*Id.* ¶ 15.) Samuels repeatedly subjected Plaintiff to verbal sexual harassment by verbally "characteriz[ing] [Plaintiff's] completion of routine tasks like moving dishware or washing counters . . . as 'sexy,' making comments such as 'that's sexy' or 'keeping it sexy' on a daily, sustained, and continuous basis." (*Id.* ¶¶ 15–18.) Plaintiff told Samuels that she objected "to his repetitive sexual comments, but he did not relent." (*Id.* ¶ 19.)

[1] The facts contained in this section are based upon the factual allegations set forth in the Second Amended Complaint ("SAC") filed by plaintiff Christine Scott ("Plaintiff"). (Doc. 23.) I assume the allegations the Complaint to be true in considering the motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

Samuels also repeatedly subjected Plaintiff to physical contact, including by purposefully bumping into, rubbing against, grabbing, and caressing her "breasts and buttocks." (*Id.* ¶¶ 21–23, 28.) Samuels created "opportunities to physically grab and hold onto [Plaintiff], without [Plaintiff's] consent and over her objections." (*Id.* ¶ 22.) On one such occasion, Plaintiff was "cornered in a confined space assisting [Samuels] in resetting a kitchen air-conditioning unit in the Workplace when during the process, [Plaintiff] handed [Samuels] several screws that had fallen to the floor, wherein mid-hand-off, [Samuels] forcibly grabbed, caressed, and refused to let go of Ms. Scott's arm until she forcibly pulled away." (*Id.* ¶ 23.)

Samuels also "created opportunities to be alone with [Plaintiff], and once isolated, he offered [Plaintiff] money in exchange for sexual relations." (*Id.* ¶ 24.) Specifically, although Samuels' shift did not extend beyond meal times, Samuels would remain at the Workplace "despite having no remaining duties" until "[Plaintiff] was the sole remaining employee." (*Id.* ¶ 25.) On two such occasions, Samuels offered Plaintiff money in exchange for sexual relations, which Plaintiff refused. (*Id.* ¶ 26.) On another occasion where Samuels stayed at the Workplace after his shift had ended, he "forcibly grabbed, caressed, and refused to let go of Ms. Scott's hand, despite Ms. Scott's objections." (*Id.* ¶ 28.)

On or about June 26, 2021, Plaintiff informed the owner of YSB of Samuels' behavior and explained in a text message that she would be forced to take legal action if the behavior continued. (*Id.* ¶¶ 29–30.) The owner informed Plaintiff that Pope would "deal with these problems." (*Id.* ¶ 31.) Despite Plaintiff's report of Samuels' unwanted sexualized behavior directed at her, Samuels' unwanted sexual physical contact and verbal harassment continued unabated. (*Id.* ¶¶ 33–35.)

On July 2, 2021, Pope requested and had a meeting with Plaintiff that she presumed was

to discuss her complaints of sexual harassment. (*Id.* ¶ 37.) Pope allowed Samuels to remain within earshot of the meeting. (*Id.* ¶ 38.) During this meeting, Plaintiff was told her employment was terminated immediately. (*Id.* ¶ 39.)

## II. Procedural History

Plaintiff filed her initial complaint on September 15, 2021, her First Amended Complaint on October 18, 2021, and her Second Amended Complaint on January 6, 2022. (Docs. 1, 15, 23.) Plaintiff raises claims of sex discrimination and retaliation under Title VII; sex discrimination, retaliation, and aiding and abetting under NYSHRL and NYCHRL; and vicarious liability under NYCHRL. (SAC ¶¶ 47–72.)

On February 25, 2022, Defendant YSB Services filed its motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as an accompanying memorandum of law, declaration, and exhibits. (Docs. 39–41.) Plaintiff filed her opposition to Defendant's motion on March 9, 2022. (Doc. 42.) Defendant filed its reply on March 16, 2022. (Doc. 43.)

## III. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion to dismiss, a court must accept as true all well-pleaded facts

alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In a discrimination case, "[t]he facts required by *Iqbal* to be alleged in the complaint . . . need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted). A district court "errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (internal quotation marks, alterations, and citation omitted); *see also Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. Jan. 16, 2018) ("[G]enerally, courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss."); *In re Petrobras Secs. Litig.*, No. 14-CV-9662 (JSR), 2016 WL 11671141, at *3 (S.D.N.Y. Mar. 25, 2016) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss," and declining to consider information in Plaintiff's exhibits to an affidavit submitted in opposition to the motion to dismiss (internal quotation marks omitted)).

## IV. Discussion

Plaintiff raises claims of retaliation, sex discrimination, aiding and abetting, and vicarious liability. Defendant argues that Plaintiff failed to exhaust her administrative remedies under Title VII and failed to sufficiently plead her remaining claims. I address these arguments and the viability of each claim in turn below.

### A. *Exhaustion of Remedies*

#### 1. Applicable Law

Prior to filing a suit under Title VII, a plaintiff must exhaust her administrative remedies. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015); 42 U.S.C. § 2000e5(e)-(f). There is an exception, however, that "claims not raised in an EEOC complaint may still be part of the complaint later filed in federal court if they are reasonably related to the claim filed with the agency." *Littlejohn*, 795 F.3d at 322 (internal quotation marks omitted). To be "reasonably related," the complained-of conduct must fall under the same umbrella of the EEOC investigation. *Id.* "Failure to exhaust administrative remedies under Title VII is an affirmative defense." *Payne v. McGettigan's Mgmt. Servs., LLC*, 19-CV-1517, 2020 WL 2731996, at *3 (S.D.N.Y. May 26, 2020). Under Rule 12(b)(6), an affirmative defense is grounds for dismissal only when the necessary elements are clear from the complaint and the documents integral thereto. *Id.* at *3. In other words, the basis for dismissal must be evident from the "face of the complaint" and integral documents. *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("Dismissal under [Rule 12(b)(6) is appropriate when a defendant raises . . . [a statutory bar] as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.").

**2. Application**

From the face of the complaint, it is not clear that Plaintiff failed to exhaust her administrative remedies. Plaintiff pleads that she "received a Right to Sue Letter dated September 1, 2021." (SAC ¶ 3.) Although this letter was both annexed to the First Amended Complaint, (Doc. 15), and attached as an exhibit to Plaintiff's opposition to the motion to dismiss along with the EEOC charge, (Doc. 42-1), I presume that it was mistakenly omitted from the Second Amended Complaint. Therefore, I consider the letter and the EEOC charge in assessing Defendant's motion to dismiss. *See Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010) (*citing Chambers*, 282 F.3d at 152 ("'Pleadings' include not only the four corners of the complaint, but also any written document that is (1) attached to it as an exhibit, (2) incorporated in it by reference, or (3) integral to the complaint.")). In any event, Defendant does not argue that I should not consider the EEOC charge. In fact, Defendant references the EEOC charge in its motion to dismiss. (Doc. 41 at 9–10.)

Defendant argues that "since Plaintiff did not allege in her EEOC Charge any disparate treatment or that her termination, which was the single adverse employment action alleged by Plaintiff in the SAC, was taken against her because of her sex or gender; therefore her claims of gender discrimination must be dismissed for failure to exhaust her administrative remedies." (Doc. 41 at 9-10.) Defendant is wrong. The EEOC charge alleges sex discrimination and retaliation, (*see* Doc. 42-1 (listing the nature of complaint as "Gender (Sexual) Harassment, Hostile Work Environment, and Retaliation" and stating claims against Defendant were "based on gender discrimination, sexual harassment hostile work environment, and retaliation"), and makes nearly identical factual allegations as those set forth in the Second Amended Complaint, including the manner, frequency and duration of harassment, who the harassment was reported to

and how, and details the ultimate termination of Plaintiff's employment, (*see generally* SAC). There is no question that the claims raised in an EEOC complaint are also raised in the Second Amended Complaint. Therefore, there is no evidence that Plaintiff failed to exhaust her administrative remedies.

Accordingly, Defendant's motion to dismiss Plaintiff's Title VII claim for failure to exhaust her administrative remedies is DENIED.

### B. *Retaliation Claims*

Counts 2, 4, and 7 of the Second Amended Complaint allege retaliation under Title VII, the NYSHRL, and the NYCHRL. (SAC ¶¶ 52–53; 57–59; 66–68.)

#### 1. Applicable Law

To plead a prima facie case of retaliation under Title VII and NYSHRL, the plaintiff must allege the following elements: "1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action." *Bhatti v. Physician Affiliate Grp. of New York, P.C.*, No. 21-2522, 2022 WL 17543533, at *1 (2d Cir. Dec. 9, 2022) (cleaned up); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (NYSHRL retaliation claims evaluated under same framework as Title VII retaliation claims). "A plaintiff engages in protected activity when she (1) opposes employment practices prohibited under Title VII; (2) makes a charge of discrimination; or (3) participates in an investigation, proceeding or hearing arising under Title VII." *Davis v. NYS Dep't of Corr. Attica Corr. Facility*, 110 F. Supp. 3d 458, 462 (W.D.N.Y. 2015) (internal quotation marks omitted). Protected activity may include an employee's complaint if "the employee has a good faith, reasonable belief that the underlying challenged actions of the employer" are unlawful under

Title VII or NYSHRL. *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks omitted); *see also Gorzynski*, 596 F.3d at 110. A plaintiff may show causation "through evidence of retaliatory animus directed against the plaintiff by defendant," or by showing that "the protected activity was followed closely by discriminatory treatment." *Woods v. Enlarged City Sch. Dist. of Newburgh*, 473 F. Supp. 2d 498, 528 (S.D.N.Y. 2007) (internal quotation marks omitted).

NYCHRL retaliation claims require a plaintiff to show that they took action to oppose unlawful discrimination, and as a result, the employer "engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Sce v. City of New York*, No. 20-3954-CV, 2022 WL 598974, at *3 (2d Cir. Mar. 1, 2022) (internal quotation marks omitted). Courts analyze NYCHRL claims separately from Title VII claims because NYCHRL was designed to be more protective and plaintiff-leaning than its federal and state counterparts. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("Courts must analyze NYCHRL claims separately and independently from any federal and state law claims . . . construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." (internal quotation marks omitted)).

**2. Application**

Defendant argues that I should dismiss Plaintiff's claims because she "has not plausibly alleged that Defendant's subjected her to any adverse employment action because she participated in any statutorily protected activity." (Doc. 41 at 14.) I disagree. Plaintiff engaged in a protected activity by complaining about Samuels' sexual harassment.

Defendant also argues that Plaintiff did not "identify[] when or who engaged in the retaliation" or "which decision makers at YSB were aware of Plaintiff's protected activity."

(Doc. 41 at 16.) This is also incorrect. Plaintiff alleges that she made her complaints directly to agents of YSB, including Pope and YSB's owner. (SAC ¶¶ 29, 37, 32, 37.) These complaints are sufficient to notify Defendant of the complained-of conduct. It is not required that Plaintiff file a formal "complaint to YSB's Human Resources department," as Defendant argues. (Doc. 41 at 17.) "The law protects employees in the filing of formal charges of discrimination as well as in the making of informal protests of discrimination, including complaints to management." *La Grande v. DeCrescente Dist. Co.*, 370 Fed. App'x 206, 212 (2d Cir. 2010).

Defendant claims that Plaintiff does not allege that the termination of her employment was "taken because of her sex or gender." (Doc. 41 at 7.) Defendant ignores the facts alleged in the Second Amended Complaint and the logical inferences those facts suggest. As an initial matter, Plaintiff adequately pleads (and Defendant does not dispute) that Plaintiff's employment was terminated on July 2, 2021 during a meeting with Pope. (SAC ¶ 39.) Termination from employment is the prototypical adverse employment action. *See Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006); *Guzman v. News Corp.*, No. 09-CV-09323, 2013 WL 5807058, at *21 n.7 (S.D.N.Y. Oct. 28, 2013) (recognizing that termination "indisputably constitutes an adverse employment action" (internal quotation marks omitted)). Plaintiff's employment was terminated within a week of her informing the owner of YSB of Samuels' inappropriate workplace behavior, and his statement to Plaintiff that Pope would "deal with these problems." (SAC ¶¶ 29–31.)

Finally, Plaintiff alleges that her employment was terminated at the very meeting that she believed had been scheduled to further discuss the sexual harassment she was experiencing. (SAC ¶¶ 37–39.) As detailed above, the Second Amended Complaint alleges that Samuels was hired in May 2021, the sexual harassment began almost immediately, the sexual harassment

continued unabated on almost a daily basis, Plaintiff reported the sexual harassment on June 26, 2021, and Plaintiff's employment was terminated at a July 2, 2021 meeting with Pope with Samuels within earshot of the conversation. I find that Plaintiff plausibly alleges facts to support a causal connection between her complaints and the termination of her employment. *See Lindner v. Int'l Bus. Machs. Corp.*, No. 06-CV-4751 (RJS), 2008 WL 2461934, at *7 (S.D.N.Y. June 18, 2008) ("[R]etaliation claims are rarely dismissed pursuant to Rule 12(b)(6) where the plaintiff has alleged a time period of less than one year between the protected activity and the alleged retaliatory conduct.").

Because Plaintiff's federal and state retaliation claims survive, so does her NYCHRL retaliation claim. *See Pardovani v. Crown Bldg. Maint. Co.*, No. 15-CV-9065 (JPO), 2020 WL 2555280, at *5 (S.D.N.Y. May 20, 2020) (concluding that if federal retaliation and hostile work environment claims survive, NYCHRL claims also survive); *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 299 (S.D.N.Y. 2019) (observing that federal and state statutes are a "floor below which the City's Human Rights law cannot fall") By complaining about Samuels' sexual harassment, Plaintiff took action to oppose conduct made unlawful by the NCHRL and the subsequent termination of Plaintiff's employment is reasonably likely to deter such action.

Accordingly, Defendant's motion to dismiss Plaintiff's Counts 2, 4, and 7 is DENIED.

### C. *Hostile Work Environment Claims*

Counts 1, 3, and 6 of the Second Amended Complaint raise claims of sex discrimination under Title VII, NYSHRL, and NYCHRL. (SAC ¶¶ 47–51; 54–56; 63–65.) Defendant argues that these claims should be interpreted as claims of disparate treatment and that "Plaintiff did not bring a cause of action for hostile work environment." (Doc. 41 at 7.) I disagree. Because both disparate treatment and hostile work environment are forms of "sex discrimination," the fact that

Plaintiff titled the counts as "sex discrimination" does not suggest she was pursuing one theory over the other or preclude her from pursuing more than one theory. *See Alfano v. Costello*, 294 F.3d 365, 372 (2d Cir. 2002) (Plaintiff "alleged sex discrimination under two theories: disparate treatment and hostile work environment"); *Hornig v. Trustees of Columbia Univ. in City of N.Y.*, No. 17-CV-3602 (ER), 2022 WL 976267, at *12 (S.D.N.Y. Mar. 31, 2022) (Plaintiff "alleges sex discrimination under two theories: hostile work environment, including sexual harassment, and disparate treatment.") Instead of simply relying on the titles of the counts, I reviewed the allegations in the Second Amended Complaint related to these claims. Plaintiff repeatedly states that Defendant unlawfully "create[ed] and maintain[ed] a hostile discriminating work environment." (SAC ¶¶ 51, 56, 65.) Therefore, these causes of action will be reviewed under the standards applicable to hostile work environment claims.

**1. Applicable Law**

Claims for hostile work environment under Title VII and NYSHRL are analyzed using the same standard. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013). Under these statutes, a claim of hostile work environment requires the Plaintiff to show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn*, 795 F.3d at 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "The kinds of workplace conduct that may be actionable under Title VII include unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (cleaned up). There must also be sufficient bases for imputing the complained-of conduct to the employer. *See Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

Under Section 8–107(1)(a) of the NYCHRL, it is "an unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the . . . gender . . . of any person, to . . . discharge from employment such person or to discriminate against such person . . . in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8–107(1)(a). NYCHRL claims require that a Plaintiff be subjected to negative differential treatment because of a protected characteristic. *Mihalik*, 715 F.3d at 110; *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (2009). NYCHRL claims do not require the Plaintiff to prove that the conduct was severe and pervasive. *See Erasmus v. Deutsche Bank Ams. Holding Corp.*, No. 15-CV-1398 (PAE), 2015 WL 7736554, at *7 (S.D.N.Y. Nov. 30, 2015).

**2. Application**

Plaintiff alleges that Defendant violated Title VII, NYCHRL, and NYSHRL "by creating and maintaining a hostile discriminating work environment against Plaintiff because of her sex and gender." (SAC ¶¶ 51, 56, 65.) Plaintiff pleads a claim for hostile work environment under Title VII and NYSHRL by plausibly alleging that she experienced pervasive sexual harassment by her supervisor which created a hostile work environment. This conduct included Samuels calling Plaintiff "sexy" on "a daily, sustained and continuous basis," (*id.* ¶ 18), initiating unwanted physical contact with Plaintiff's "breast and buttocks," (*id.* ¶ 21), and offering Plaintiff "money in exchange for sexual relations," (*id.* ¶26). "Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminates' on the basis of sex." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986) (alterations omitted); *see also Garrigan v. Ruby Tuesday, Inc.*, No. 14-CV-155 (LGS), 2014 WL 2134613, at *5 (S.D.N.Y. May 22, 2014) ("Sexual harassment is gender discrimination, even under Title VII, when there is unwelcome sexual conduct."). Having adequately stated a claim under Title VII

and NYSHRL, Plaintiff has met the threshold for pleading a claim for hostile work environment under the NYCHRL. *See Pardovani*, 2020 WL 2555280, at *5; *Gonzalez*, 377 F. Supp. 3d at 299.

Accordingly, Defendant's motion to dismiss Counts 1, 3, and 6 is DENIED.

### D. *Aiding and Abetting Claims*

Counts 5 and 8 of the Second Amended Complaint raise claims of aiding and abetting under NYSHRL and NYCHRL. (SAC ¶¶ 59–61; 68–69.)

#### 1. Applicable Law

NYSHRL provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article [including discrimination and retaliation], or to attempt to do so." N.Y. Exec. Law § 296(6). To be liable under § 296(6), an individual employee must have "actually participated in the conduct giving rise to the claim." *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004). A claim for aider and abettor liability under the § 8–107(6) of the NYCHRL is "susceptible to the same standard as under the NYSHRL, as language of the two laws is virtually identical." *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009) (internal citation and quotation marks omitted). Under both NYSHRL and NYCHRL, "[a]n individual may not be held liable . . . merely for aiding and abetting his own discriminatory conduct but only for assisting another party in violating" that law. *Virola v. XO Commc'ns, Inc.*, No. 05-CV-5056 (JG)(RER), 2008 WL 1766601, at *20 (E.D.N.Y. Apr. 15, 2008). "[L]iability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." *Jain v. McGraw-Hill Companies, Inc.*, 827 F. Supp. 2d 272, 277 (S.D.N.Y. 2011), *aff'd*, 506 F. App'x 47 (2d Cir. 2012) (*citing DeWitt v. Lieberman*, 48 F.Supp.2d 280, 293

(S.D.N.Y. 1999)).

**2. Application**

Plaintiff alleges that YSB, the only remaining defendant in this action, "acted through its Employees (Plaintiff's supervisors) in terminating Plaintiff with retaliatory motive and therefore aided and abetted in discrimination." (Doc. 42-2 at 17.) It is well established that a corporate defendant cannot "aid and abet" its own discriminatory conduct. *See Bueno v. Eurostars Hotel Co., S.L.*, No. 21-CV-535 (JGK), 2022 WL 95026, at *9 (S.D.N.Y. Jan. 10, 2022) ("There can be no aider-and-abettor liability as to a corporate defendant for aiding and abetting its own conduct, nor can it be liable for aiding the individual defendants to aid its own conduct."); *Xiang v. Eagle Enters, LLC*, No. 19-CV-1752 (PAE), 2020 WL 248941, at *11 (S.D.N.Y. Jan. 16, 2020); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 368 (S.D.N.Y. Aug. 16, 2012) ("[T]here can be no aider-and-abettor liability as to the Corporate Defendants for aiding and abetting their own conduct."). Nor can YSB be held liable for aiding and abetting Samuels' conduct under either NYCHRL or NYSHRL because "[YSB's] alleged participation in the conduct giving rise to the underlying violation would be the basis for just that claim—an underlying violation of NYCHRL or NYSHRL." *Sanchez v. L'Oreal USA, Inc.*, No. 21-CV-3229, 2022 WL 1556402 (VEC), at *6 (S.D.N.Y. May 17, 2022). In other words, even if Samuels could be held "directly liable for . . . [retaliation or discrimination] these claims against [him] are still derivative of the claims against [YSB]," because "if [YSB's] termination of [Plaintiff] was not unlawful, then [Samuels] cannot be liable for it." *Malena*, 886 F. Supp. 2d at 368.[2] Thus, Defendant's motion to dismiss Counts 5 and 8 is GRANTED.

[2] Due to Plaintiff's failure to properly serve Samuels with process, I dismissed Plaintiff's claims against Samuels without prejudice on January 11, 2022. (Doc. 33.)

**E. *Vicarious Liability***

Count 9 of the Second Amended Complaint raises a claim of vicarious liability under NYCHRL. (SAC ¶¶ 70–71.) It is well-established that the NYCHRL employer liability provision does not create a substantive cause of action. *See Rossbach v. Montefiore Med. Ctr.*, No. 19-CV-5758 (DLC), 2021 WL 930710, at *9 (S.D.N.Y. Mar. 11, 2021); *Grandy v. Manhattan & Bronx Surface Transit Operating Auth*., No. 16-CV-6278 (VEC), 2018 WL 4625768, at *2 n.2 (S.D.N.Y. Sept. 26, 2018) ("This doctrine is a theory of liability, to be used in connection with other claims, not a freestanding cause of action."). To maintain a separate cause of action for vicarious liability would be duplicative here where Plaintiff already brings claims for discriminatory conduct against YSB. *See Singhal v. Doughnut Plant, Inc.*, No. 20-CV-3295 (ALC), 2022 WL 976885, at *5 (S.D.N.Y. Mar. 31, 2022). Plaintiff does not defend her claim for vicarious liability in her opposition. (*See* Doc. 42-1.) "Issues not sufficiently argued in the briefs are considered waived." *City of Syracuse v. Onondaga County*, 464 F.3d 297, 308 (2d Cir. 2006) (internal quotation marks omitted); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 197–98 (2d Cir. 2014) ("Where a partial response to a motion is made . . . a court may, when appropriate, infer from a [counseled] party's partial opposition that relevant claims or defenses that are not defended have been abandoned.")

Accordingly, Defendant's motion to dismiss Count 9 is GRANTED.

**V. <u>Conclusion</u>**

For the reasons stated above, Defendant's motion to dismiss is GRANTED in part, DENIED in part.

Defendant's motion to dismiss Plaintiff's discrimination and hostile work environment claims under Title VII, NYSHRL, and NYCHRL (Counts 1, 3, and 6) is DENIED. Defendant's

motion to dismiss Plaintiff's retaliation claims under Title VII, NYSHRL, and NYCHRL (Counts 2, 4, and 7) is DENIED.

Defendant's motion to dismiss Plaintiff's aiding and abetting and vicarious liability claims under NYSHRL and NYCHRL (Counts 5, 8, and 9) is GRANTED. Defendant is ORDERED to file their answers to the Second Amended Complaint by April 11, 2024.

SO ORDERED.

Dated: March 28, 2024
New York, New York

Vernon S. Broderick
United States District Judge